IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY B. DAVIS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI,[1] | : | NO. 18-5400 |
| Acting Commissioner of Social Security, | : | |
|     Defendant. | | |

**<u>MEMORANDUM OPINION</u>**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                              May 4, 2022

      Plaintiff seeks an award of attorney's fees against the Commissioner of Social Security, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the reasons stated below, the motion will be denied.

**I.     FACTUAL AND PROCEDURAL HISTORY**

      Plaintiff filed his application for disability benefits on August 7, 2015. His application was denied, and he requested review by an Administrative Law Judge ("ALJ"). A hearing was held before the ALJ on March 28, 2018. In a written decision dated May 30, 2018, the ALJ denied the application on the grounds that Plaintiff was engaged in substantial gainful activity throughout the period of alleged disability, such that the sequential evaluation process terminated after Step One. Plaintiff sought review in the Appeals Counsel, but on October 12, 2018 that body declined to disturb the ALJ's decision.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, therefore, she should be substituted for Andrew Saul as Defendant in this suit. *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Plaintiff filed a complaint in federal court on December 13, 2018 and filed his Brief in Support of Request for Review on September 1, 2019. He sought remand on the ground that the ALJ erred in his evaluation of his earnings and work as part of the Step One analysis. But he also requested a new hearing before a "constitutionally-appointed ALJ," arguing that the ALJ who heard his case had not been properly installed, citing to *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044 (2018).

In this regard, Davis was one of many Social Security claimants to raise objections to the hearing process on the grounds of the Constitution's Appointments Clause after the Supreme Court released the *Lucia* decision on June 21, 2018. In *Lucia*, the Court considered whether the ALJs that work in the Securities and Exchange Commission (the "SEC") are "Officers of the United States" subject to the terms and provisions of the Appointments Clause and had to have been appointed by the President, "Courts of Law," or "Heads of Departments." *See* U.S. CONST. art. II, § 2, cl. 2 (defining "Officers"). The Court determined that they needed to be, and that utilization of ALJs not so appointed was in violation of the Constitution. Because Mr. Lucia made a "timely challenge to the constitutional validity" of the appointment of the ALJ who heard his case, the Court concluded that he must be awarded a new hearing before a different, constitutionally appointed ALJ. *Lucia*, 138 S. Ct. at 2053-55.

The status of SSA ALJs was not before the *Lucia* Court, but on July 16, 2018, the Commissioner reappointed the ALJs as to bring them into compliance with *Lucia* should it apply. With respect to hearing decisions made by ALJs prior to the reappointment that were on review before the Appeals Council or being litigated in federal court, the Commissioner opted not to vacate the decisions. Rather, the Commissioner took the position that claimants who had not raised this constitutional challenge during their own administrative process would be considered to have

forfeited the issue.  *See* Soc. Sec. Admin., EM18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update (effective 08/06/2018).

Such was the posture of Davis's case here.  Davis's request for review was pending in the Appeals Council at the time the *Lucia* decision was issued, but he had not raised an Appointments Clause challenge at his ALJ hearing, nor did he present to the Appeals Council a request for a remand on this basis.  Accordingly, when he requested review in our Court and cited *Lucia* for the first time, the Commissioner responded that he had forfeited his right to bring an Appointments Clause challenge by not exhausting available remedies during the administrative process.

While Davis's case was still pending before us, the Third Circuit Court of Appeals heard a case presenting the issue of whether it was, in fact, necessary for claimants to exhaust an Appointments Clause challenge at the agency level before bringing such a challenge in federal court.  In its January 23, 2020 decision in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), the court "declined to require exhaustion" of an Appointment Clause challenge during the administrative process and remanded Mr. Cirko's case for a new hearing before a different, constitutionally appointed ALJ.

In accordance with *Cirko*, on February 27, 2020, we similarly vacated the ALJ's decision in Davis's case and remanded his case for a new hearing before a constitutionally appointed ALJ.  (Doc. 28.)  Plaintiff then filed a motion for attorney's fees under the EAJA, to which the Commissioner filed a response objecting to any award.  (Docs. 30-31.)  Plaintiff file both a reply brief and sought leave to file a further reply with additional authority.  (Docs. 32-33.)  The motion is fully briefed.

## II. DISCUSSION

Pursuant to the EAJA, a prevailing plaintiff in a civil suit against the federal government agency or official is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner has asserted here that the agency's position was "substantially justified." (Doc. 31.)

In *Pierce v. Underwood*, the Supreme Court provided guidance as to the definition of "substantially justified," explaining that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government has the burden of demonstrating that its position is "substantially justified," through establishing "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998). In determining whether the government's position is justified the court must consider "not only the position taken in the litigation but the agency position that made the litigation necessary in the first place." *Id.* (quoting *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993)).

The government avers that the Commissioner was substantially justified in its position both pre-litigation and during the litigation in that it had a reasonable basis for the facts alleged, the legal theory advanced, and the connection between the facts and the legal theory. (Doc. 31 at 4-5.) The government notes that the Commissioner had a factually valid position that Davis had not raised an Appointments Clause challenge at any point during the administrative proceeding. (*Id.*

4

at 5.) It also notes that the legal theory advanced "was a long-standing and well-accepted principle that a litigant who does not timely raise an argument before an administrative agency forfeits that argument." (*Id.*) It concludes that the Commissioner "had a reasonable basis to raise forfeiture based on the undisputed facts here," as "[n]o settled law mandates that the Commissioner, through either an ALJ or the Appeals Council, must *sua sponte* raise an Appointments Clause issue that was not raised by the claimant." (*Id.* at 5-6.) The government also defended the Commissioner's litigation position, in light of the fact that "this was a close question of unsettled law" prior to the *Cirko* decision that conclusively determined, for this circuit, that an Appointments Clause objection need not have been raised at the administrative stage. (*Id.* at 6.) The government notes that at the time the forfeiture defense was raised by the Commissioner in the September 2019 response in opposition to Plaintiff's request for review, 42 out of the 44 district courts that had decided the issue did not entertain the Appointments Clause challenge where the claimant had failed to make the constitutional challenge at the administrative level. (*Id.*) With these arguments in mind, we address the three elements that must be met in determining whether a position was "substantially justified" under 28 U.S.C. § 2412(d).

First, we accept, as it is uncontested, that Davis raised no Appointments Clause challenge during the administrative process. As such, the Commissioner had "a reasonable basis in truth for the facts alleged" concerning forfeiture at the administrative level. *Morgan*, 142 F.3d at 684.

Second, in taking the position in its response to the request for review that an Appointments Clause challenge can be forfeited, and was in fact forfeited here through failure to exhaust, the government had a reasonable basis in "the legal theory advanced." (*Id.*) Although the Third Circuit ultimately decided that plaintiffs were not required to exhaust their Appointments Clause challenges, this does not preclude a finding that the position was "substantially justified." *Pierce*,

5

487 U.S. at 566 n.2 ("a position can be justified even though it is not correct").  The government took the position that "[a] constitutional challenge under the Appointments Clause is 'nonjurisdictional,' and thus a party may forfeit its Appointments Clause argument by failing to raise it." (Doc. 20 at 5.)  Its argument enjoyed the support of a series of cases in other circuits that held that constitutional claims under the Appointments Clause can be forfeited through failure to exhaust.  (*Id.* at 5-6.)  These cases cited provide a foundation for the reasonable basis in law. *See Morgan*, 142 F.3d at 684.

Third, we find that the government established "a reasonable connection between the facts alleged and the legal theory advanced," as required in *Morgan*. *Id.* The Commissioner's defense of exhaustion, raised in September 2019, was asserted before *Cirko* was decided in 2020. At the time the Commissioner took this stance in response to Davis's request for review, there was no consensus on this exhaustion question within the Eastern District of Pennsylvania, let alone the Third Circuit. *Compare Muhammad v. Berryhill*, 381 F. Supp. 3d 462, 471 (E.D. Pa. 2019) (holding that plaintiff forfeited his Appointments Clause claim due to failure to exhaust); *Marchant ex rel. A.A.H. v. Berryhill*, No. CV 18-0345, 2019 WL 2268982, at *8 (E.D. Pa. May 28, 2019) ("failed to raise a timely Appointments Clause challenge"); *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561, at *2 (E.D. Pa. Dec. 18, 2018) (finding Appointments Clause challenge waived); *with Wilson v. Berryhill*, 379 F. Supp. 3d 381, 388 (E.D. Pa. 2019) (remanding); *with Culclasure v. Comm'r of Soc. Sec. Admin.*, 375 F. Supp. 3d 559, 573–74 (E.D. Pa. 2019) (finding claimant did not need to raise Appointments Clause challenge at the administrative level and remanding case to a different ALJ); *Kellett v. Berryhill*, No. CV 18-4757, 2019 WL 2339968, at *8 (E.D. Pa. June 3, 2019) (same); *Harold v. Saul*, No. CV 18-03994, 2019 WL 6003494, at *7 (E.D. Pa. Nov.

13, 2019) (same); *Ready v. Berryhill*, No. 18-04289, 2019 WL 1934874, at *3 (E.D. Pa. Apr. 30, 2019) (same).

We conclude that there was a reasonable basis for "the legal theory advanced," and there is a "reasonable connection" between the undisputed fact that Davis did not raise an Appointments Clause challenge during the administrative process and the legal theory that exhaustion was required until such a theory was later ruled out in *Cirko*. *See Morgan*, 142 F.3d at 684. This is not a circumstance where the agency relied on a legal theory contrary to existing law when it argued that Davis's Appointments Clause challenge was subject to exhaustion requirements. As such, the Commissioner had "substantial justification" for that position. *See* 28 U.S.C. § 2412(d).[2]

### III. CONCLUSION

"Losing a close call on a disputed issue of law" does not mean that the Commissioner lacked substantial justification for his or her position, and such a scenario "is not the basis for a fee award" under the EAJA. *Cortese v. Commissioner of Social Security*, No. 18-3437, 2020 WL 2745741, *1 (E.D. Pa. May 27, 2020) (Kearney, J.). As we find that the Commissioner was "substantially justified" in raising forfeiture based on Plaintiff's failure to exhaust the Appointments Clause challenge, Davis's motion for attorney's fees under 28 U.S.C. § 2412(d) will be denied.

An appropriate order follows.

---

[2] Inasmuch as the basis for our remand in 2020 was the Appointments Clause issue, we do not address the Commissioner's position that her argument on the merits in the Response filed in September 2019 – defending the Step One finding – was substantially justified. We ruled that the ALJ who rendered that decision was not constitutionally appointed. Therefore, regardless of whether or not the decision was supported by substantial evidence, the decision had to be vacated and considered by a different, properly appointed ALJ pursuant to *Cirko*.